# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

WILLIAM KENNY,

    PLAINTIFF,

VS.                                              CASE NO.: CV-09-J-1125-S

MICHAEL J. ASTRUE, Commissioner
of Social Security,

    DEFENDANT.

## MEMORANDUM OPINION

This matter is before the court on the record and the briefs of the parties. This Court has jurisdiction pursuant to 42 U.S.C. § 405. The plaintiff is seeking reversal or remand of a final decision of the Commissioner of Social Security. All administrative remedies have been exhausted.

The plaintiff applied for Supplemental Security Income due to chronic obstructive pulmonary disease, shortness of breath, and narrowing arteries in his legs (R. 96). He also had a diskectomy at C7-T1, and a diagnosis of carpal tunnel disease, although he did not claim either prevented him from working (R. 135, 191). The application, alleging disability as of January 1, 2006, was denied (R. 57, 83). A hearing in front of an administrative law judge ("ALJ") was held August 9, 2007 (R. 22-56), at which the ALJ was informed that the plaintiff had been hospitalized in July 2007 for a collapsed lung (R. 26). The ALJ stated he would hold the record open, and

records of the July 2007 hospitalization were apparently submitted at sometime prior to the February 25, 2008, opinion, wherein the ALJ found that the plaintiff was not entitled to disability benefits at any time through the date of the decision (R. 12-18). The plaintiff's request for administrative review of the ALJ's decision by the Appeals Council ("AC") was denied (R. 1-3), making the ALJ's decision the final order of the Commissioner of Social Security. *See* 42 U.S.C.§ 405(g). This action for judicial review of the agency action followed (doc. 1).

The plaintiff asserts that the ALJ failed to properly evaluate the plaintiff's complaints, but relies on evidence which was not before the ALJ to support this argument. Based on the evidence in front of him at the time of his decision, the ALJ determined that the plaintiff could perform a limited range of light work (R. 14).

## Standard of Review

The initial burden of establishing disability is on the claimant, who must prove that due to a mental or physical impairment he is unable to perform his previous work. If the claimant is successful, the burden shifts to the Commissioner to prove that the claimant can perform some other type of work existing in the national economy. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir.1987).

This court's review of the factual findings in disability cases is limited to determining whether the record contains substantial evidence to support the ALJ's

findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971); *Wolfe v. Chater*, 86 F.3d 1072, 1076 (11th Cir.1996); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir.1990). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206 (1938)); *Miles v. Chater*, 84 F.3d 1397 (11th Cir.1996); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983).

This court must also be satisfied that the decision of the Commissioner is grounded in the proper application of the appropriate legal standards. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Bridges v. Bowen,* 815 F.2d 622, 624 (11th Cir.1987); *Davis v. Shalala*, 985 F.2d 528 (11th Cir. 1993). The findings and decision of the Commissioner are conclusive if supported by substantial evidence. However, no presumption of validity applies to the Commissioner's conclusions of law, including the determination of the proper standard to be applied in reviewing claims. *Brown v. Sullivan*, 921 F. 2d 1233, 1235 (11th Cir. 1991); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). Furthermore, the Commissioner's "failure to ... provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

When making a disability determination, the ALJ must consider the combined effects of all impairments. *Davis v. Shalala*, 985 F.2d at 533; *Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir.1990); *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir.1987). When more than one impairment exists, the plaintiff may be found disabled even though none of the impairments considered alone would be disabling. *Id*. The ALJ must evaluate the combination of impairments with respect to the effect they have on the plaintiff's ability to perform the duties of work for which he or she is otherwise capable. *Lucas v. Sullivan*, 918 F.2d 1567, 1574 (11th Cir.1990).

## Legal Analysis

The ALJ found that the plaintiff, a 45 year old with an 8th grade education, suffered from the severe impairments of chronic obstructive pulmonary disease ("COPD") with emphysema and status post cervical diskectomy at C7-T1 (R. 14, 27-28). Medical records submitted after the hearing address the severity of plaintiff's COPD and emphysema. Some of these records existed at the time of the hearing, but were not submitted, others were submitted post dating the hearing but prior to the ALJ's decision, still other records were not yet in existence as they are based on later occurring treatment, but were submitted to the AC, which failed to mention receipt of new evidence in its decision (R. 1-3).

The ALJ failed to specifically address the records from July 2007 which he apparently had prior to the date of his opinion as they are referred to by exhibit number (11F) in the ALJ's opinion. The ALJ found that the plaintiff's "primary problem appears to be his chronic obstructive pulmonary disease with emphysema. Treatment notes show that the [plaintiff] was hospitalized in February 2006 for two days with left upper lobe pneumonia and bullous emphysema" (R. 16). The ALJ then finds that "[b]y May 2006 the [plaintiff's] breathing problems had improved" (R. 16). The medical records from May 2006 support this conclusion. However, the ALJ never mentions that despite improvement in May 2006, the plaintiff was hospitalized with a collapsed lung in July 2007, just one month prior to the date of the hearing[1] (R. 270-398).

Post dating the hearing are further medical records which lend credence to the severity of limitations claimed by the plaintiff. Seemingly addressing this very situation, the Eleventh Circuit stated:

> The sixth sentence of § 405(g) plainly describes an entirely different kind of remand [from the fourth sentence], appropriate when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626, 110 S.Ct. 2658, 2664, 110 L.Ed.2d 563 (1990); see *Melkonyan v.*

---

[1] The court notes the ALJ did have these records at some point after the date of the hearing but before he issued his decision, as the decision refers to "Exhibit 11F" in support of the ALJ's determination of the plaintiff's "severe impairments" (R. 14). Exhibit 11 F does consist of the records from that hospitalization. However, the ALJ fails to ever mention these records.

> *Sullivan*, 501 U.S. 89, 98, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78 (1991) (The sixth sentence allows the taking of "new evidence ... that was not available to the claimant at the time of the administrative proceeding."). A remand to the Commissioner is proper under sentence six when new material evidence that was not incorporated into the administrative record for good cause comes to the attention of the district court. *See Milano v. Bowen*, 809 F.2d 763, 766-67 (11th Cir.1987) (ordering a sentence six remand based on evidence first properly submitted to the district court); *Cherry v. Heckler*, 760 F.2d 1186, 1193-94 (11th Cir.1985) (same); *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir.1980) (same); *Johnson v. Harris*, 612 F.2d 993, 998-99 (5th Cir.1980) (same); *see also Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir.1999) (new evidence will not be considered for the first time on appeal in this Court for the purposes of a sentence six remand).

*Ingram v. Commissioner of Social Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir.2007).

However, in *Ingram*, the Eleventh Circuit also instructed that

> We understand *Falge* [*v. Apfel,* 150 F.3d 1320 (11th Cir.1998),] to hold that when a claimant challenges the administrative law judge's decision to deny benefits, but not the decision of the Appeals Council to deny review of the administrative law judge, we need not consider evidence submitted to the Appeals Council.

*Ingram,* 496 F.3d at 1266.

As set forth in *Falge v.Apfel*, 150 F.3d 1320 (11th Cir.1998), and further explained by *Ingram*, because the plaintiff did not challenge the decision of the Appeals Council in denying review, this court cannot consider evidence submitted to the Appeals Council for the first time. *See also Poellnitz v. Astrue*, 2009 WL 3365953, 1 (11th Cir.2009). The plaintiff recognizes that the ALJ "did not have the benefit of additional evidence submitted to the Appeals Council." Plaintiff's brief,

at 8. However, the plaintiff does not assert that the AC erred in failing to remand for new and material evidence. Because the plaintiff has not challenged the decision of the AC, the court finds under *Poellnitz* and *Ingram* it cannot consider evidence submitted solely to the AC. Furthermore, the court cannot discern from the record whether the AC recognized that evidence was submitted post-dating the decision of the ALJ, as the AC fails to mention it received new evidence.[2] Similarly, as stated earlier, the ALJ fails to mention records of the 2007 hospitalization, although those were apparently in the record prior to entry of the ALJ's decision.

Had either the AC or the ALJ considered the evidence submitted post-hearing, they would have found it reflects the following:

In July 2007 the plaintiff presented to the emergency room with left-sided, radiating chest pain preventing him from taking deep breaths (R. 271, 274, 282, 284, 304). The plaintiff was admitted to the hospital and was found to have a pneumothorax greater than 50% (R. 271, 276, 285). He underwent a left thoracotomy with stapling of huge left upper lobe bleb and left lower lobe blebs with parietal pleurectomy and talc pleurodesis (R. 271, 296, 306, 313-322, 341). After surgery, chest x-rays reflected that his left lung re-expanded, his breathing was good,

---

[2]The court is making an assumption that Dr. Larry Jackson's medical records were first submitted to the AC because they were submitted as one exhibit, and the final record in that submission is dated May 19, 2008, roughly three months after the ALJ's denial of benefits.

and he had bilateral breath sounds (R. 271, 297). After several days, the chest tube was removed and the plaintiff was discharged home (R. 271, 302). He was prescribed Lortab for pain and Chantix to help him stop smoking (R. 272, 303).

The plaintiff began seeing Dr. Larry Jackson in April 2007 (R. 415). Severe shortness of breath with mild exertion and frequent episodes of wheezing were noted (R. 415). After plaintiff's surgery, Dr. Jackson noted the plaintiff suffers from severe bullous changes in his lungs, increased shortness of breath on exertion, and peripheral vascular disease (mild arterial insufficiency in both legs) (R. 413). Reduced breath sounds, but no wheezes, were heard on examination (R. 413). A May 2008 letter from Dr. Jackson states that the plaintiff has chronic obstructive pulmonary disease related to smoking cigarettes, that he is on medication for this, and continues to have shortness of breath with exertion[3] (R. 407). The shortness of breath would interfere with plaintiff's ability to work steadily for an eight hour period of time (R. 407). Dr. Jackson added that the plaintiff's pulmonary tests are difficult to interpret because his FEV1 is "surprisingly good" but other parameters are consistent with severe chronic obstructive pulmonary disease (R. 407, 409). Dr. Jackson added that the plaintiff

---

[3] Although additional pages of medical records were submitted by Dr. Jackson, they were illegibly copied (R. 408, 410, 412, 414).

suffers from other conditions, but he could only speak to plaintiff's pulmonary impairments[4] (R. 407).

Having considered all of the foregoing, the court finds it can consider the 2007 hospitalization records, which were before the ALJ, but not the records of Dr. Jackson, which were not before the ALJ. Although Dr. Jackson's records are relevant, and relate to the time considered by the ALJ, the plaintiff failed to challenge the decision of the AC, to whom the records were submitted for the first time.

The court finds the ALJ completely and totally failed to consider the 2007 hospitalization records. The court is also concerned by the ALJ's disregard of the records that were in front of him. The ALJ completely discounts plaintiff's diagnosis of carpal tunnel syndrome because "this condition is clinically stable and the claimant requires no medical treatment for this condition" (R. 16). At hearing, when asked by the ALJ, the plaintiff stated that carpal tunnel syndrome was diagnosed after his neck surgery and he shook for six or eight months afterwards (R. 36). He then stated "this hand right here, I might be sitting here and do this number" (R. 36). Unfortunately,

---

[4] For this evidence to be relevant, it must relate back to the time period on or before the date of the ALJ's decision. *Barclay v. Commissioner of Social Sec. Admin.*, 274 Fed.Appx. 738, 744 (11th Cir.2008); citing 20 C.F.R. § 404.970(b). Considering Dr. Jackson's records, some of them predate, and some of the them post-date, the decision of the ALJ. Even assuming the court could consider these records, only some of them could impact the propriety of the ALJ's decsion.

as this court has only a written record before it, the court cannot discern what "this number" might be.

The ALJ also determined plaintiff's diagnosis of coronary artery disease was minor based on treatment notes (R. 16). Those treatment notes reflect that the plaintiff had ongoing chest pain and "a history of claudication in the lower extremities with difficulty walking more than a block without having cramping in the buttocks and calves. Due to habits of tobacco use and chest pain and known claudication, the patient underwent a stress test that was positive for ischemia...." (R. 208, *see also* R. 251). The plaintiff underwent a left heart catheterization, coronary angiography and left ventriculogram (R. 232). The impression from this surgery was "minor nonobstructive coronary disease" (R. 233).

Further ignored by the ALJ were September 2006 records of a vascular study noting that the plaintiff was a "44 year-old-male who is unable to walk" (R. 260). This study found mild atherosclerotic disease of the bilateral lower extremities, with a possible component of tibial disease on the right and most likely some disease on the left too, possibly involving the iliac system" (R. 261). Nerve conduction studies on the plaintiff's legs were normal (R. 246).

As to plaintiff's problems with chronic obstructive pulmonary disease, the ALJ found only that by May 2006 the plaintiff's "breathing problems had improved"

(R.16).  The ALJ notes that pulmonary function testing failed to support plaintiff's allegations of disabling shortness of breath (R. 16), in spite of the fact that COPD, by definition is diagnosed by persistent shortness of breath.  See e.g., *Dorland's Illustrated Medical Dictionary,* 480 (28th ed. 1994).

Based on his cursory review of the evidence the ALJ denied benefits, finding that the plaintiff could return to his past relevant work as a furniture salesman and operations manager of a furniture store (R. 17).  However, the ALJ's failure to consider several of the plaintiff's ailments, improperly discounting other ailments, and wholesale dismissal of plaintiff's hospitalization for a collapsed lung undermines the ALJ's determination that the plaintiff could perform a limited range of light work. The ALJ stated outright that he based this determination on the opinion of the state agency physicians (R. 52), but there is no "state agency physician" opinion in the record.  Rather, there is solely the opinion of Wendy L. Bouyer, a disability examiner (R. 204).

Further exacerbating the reliance on a non-examining, non-treating, non-medical opinion of the plaintiff's abilities was the ALJ's failure to consider multiple medical problems the plaintiff has.  For example, the medical records reflect a history of claudication in the lower extremities with difficulty walking more than a block

without having cramping in the buttocks and calves[5] (R. 208). The ALJ wholly ignored these records in his finding that the plaintiff could perform light work.[6] "An ALJ must make specific and well-articulated findings as to the effect of the combination of impairments when determining whether an individual is disabled." *Davis v. Shalala,* 985 F.2d 528, 534 (11th Cir.1993), citing *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir.1987); *Jones v. Bowen*, 810 F.2d 1001, 1006 (11th Cir.1986); *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir.1984). Here, the ALJ clearly failed to do so. This error is compounded by the later records ignored by the AC reflecting the severity of the plaintiff's diseases.

The court is of the opinion that had all of the medical records in question been considered, such consideration could change the decision of both the ALJ and the Appeals Council. Thus, the court is of the opinion that this case must be remanded for appropriate consideration of the medical records.

---

[5]Claudication is a condition which is characterized by pain, tension and weakness upon walking until the condition becomes so bad that walking is impossible, followed by relief of the symptoms upon resting. *Dorland's Illustrated Medical Dictionary*, 338 (28th ed. 1994).

[6]Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). The regulations further explain that, "[e]ven though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id*.

## Conclusion

Having considered the foregoing, and being of the opinion that this case is due to be remanded to the Commissioner for consideration of evidence submitted to the ALJ after the hearing, and for further consideration of Dr. Jackson's medical records which are relevant to the time period before the ALJ, first submitted to the Appeals Council and never considered by them;

It is therefore **ORDERED** by the court that this case is **REVERSED** and **REMANDED** to the Commissioner for the reasons set forth herein.

**DONE** and **ORDERED** the 16th day of December, 2009.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE